NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| | : | |
| OR (a student) | : | |
| | : | |
| Plaintiff, | : | Civil No. 10-1711 (AET) |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| Gerri HUTNER, et al., : | | |
| | : | |
| Defendants. | : | |

---

THOMPSON, U.S.D.J.

This matter has come before the Court upon Plaintiff OR's Motion for Reconsideration [docket # 18] of the Court's June 23, 2010 Order dismissing all claims against Defendants Gerri Hutner and Victoria Kniewel and Defendants Lisa Catalano, Rick Cave, Arthur Downs, Donna Gibbs-Nini, Dennis Lepold, Kathy Mitchel, Charles Rudnick, Thomas A. Smith, Robby Varghese, West Windsor Plainsboro School District, and Michael Zapicchi's Motion to Dismiss [31] for failure to state a claim upon which relief can be granted.[1]  The Court has decided these motions after taking into consideration the submissions of the parties, without oral argument, pursuant to Fed. R. Civ. P. 78(b).  For the reasons set forth below, Plaintiff's Motion for Reconsideration is denied and the remaining Defendants' Motion to Dismiss is granted.

### BACKGROUND

The Court presumes that all parties are familiar with the factual and procedural

---

[1]Plaintiff has effected service on Defendants Hutner, Kniewel, Cave, Smith, Gibbs-Nini, and Downs.  (Harrison Aff. ¶ 2 & 4 [31-1].)  The rest of the Defendants have stated that they wish to preserve their right to challenge the sufficiency of service but have joined in the Motion to Dismiss in the interests of judicial economy.  (*Id.* ¶ 6.)

background of this matter.  To provide a quick summary, the events underlying this matter began in March 2004, when Plaintiff, then a minor student, was found in possession of a knife at school.  Plaintiff alleges that the West Windsor Plainsboro School District ("School District") treated him in a discriminatory manner when he was disciplined for possession of the knife. However, this alleged discriminatory treatment is not the primary subject of the lawsuit at hand. Rather, Plaintiff now alleges that Defendants actions in subsequent litigation violated his constitutional right to access the courts.

Beginning in September 2006, Plaintiff initiated a number of lawsuits in state court, including one against the School District for civil rights violations, a number of actions under New Jersey's Open Public Records Act ("OPRA"), and one alleging that the School District and its employees had engaged in multiple counts of fraudulent concealment and intentional spoliation of evidence and records.  The civil rights claims and counts of fraudulent concealment and intentional spoliation were dismissed either on motions to dismiss or motions for summary judgment.[2]  On March 5, 2010, Plaintiff filed the present Complaint in this Court.  For a more detailed recounting of the factual and procedural background of this matter the parties should refer to the June 23, 2010 Order.

<u>MOTION FOR RECONSIDERATION</u>

A motion for reconsideration may be brought on three grounds: (1) an intervening change in controlling law, (2) evidence not previously available, or (3) to correct a clear error of law or prevent manifest injustice.  *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218

---

[2]The majority of Plaintiff's OPRA claims were also dismissed, although he did prevail on a small percentage of his requests.

(3d Cir. 1995).  Reconsideration is an extraordinary remedy which is to be granted "very sparingly."  *Interfaith Community Organization v. Honeywell Intern., Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002).  Plaintiff has not identified any intervening change in controlling law, evidence that has become available since the June 23, 2010 Order, or facts that the Court overlooked in dismissing the claims against Defendants Hutner and Kniewel.  Instead, Plaintiff has simply reraised the same arguments that the Court already fully considered and rejected when it granted Hutner and Kniewel's motion to dismiss.

The Court does note that, in the conclusion of the June 23, 2010 Order, it inappropriately ordered this matter closed.  Although at the time Kniewel and Hutner were the only Defendants that had been served, Plaintiff still had time within the applicable 120-day period to serve the remaining named Defendants.  Plaintiff has managed to effect service on at least four of the other Defendants since entry of the June 23, 2010 Order.  The Court will therefore amend its prior order to properly reflect the fact that matter should not yet have been closed.

<u>MOTION TO DISMISS</u>

**1.**     **<u>Legal Standard</u>**

Under Fed. R. Civ. P. 12(b)(6), a defendant bears the burden of showing that no claim has been presented.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  When considering a 12(b)(6) motion, a district court must accept as true all of a plaintiff's well-pleaded factual allegations.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).  However, a court need not accept conclusory statements that amount to legal conclusions.  *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949-50 (2009).

Once the well-pled facts have been identified, a court must determine whether the "facts

are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211

(quoting *Iqbal*, 129 S.Ct. at 1949)).  A claim is only plausible if a plaintiff has alleged specific

facts which "show" an entitlement to relief, as opposed to allegations that allow a mere inference

as to the possibility of misconduct.  *Id*.  In making this determination, a district court may

consider the allegations contained in the complaint, exhibits attached to the complaint, matters of

public record, and undisputably authentic documents which are essential to a plaintiff's claim

and are attached as an exhibit to defendant's motion.  *Pension Ben. Guar. Corp. v. White Consol.

Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

**2.**    **Analysis**

Plaintiff's claims against the remaining Defendants must be dismissed for the same

reasons the Court dismissed his claims against Hutner and Kniewel.  Counts I, II, III, IV, V, VI,

and VII allege violations of Plaintiff's right to access the courts.  As explained in the Court's

June 23, 2010 Order, an individual's Fourteenth Amendment due process right to access the

courts is typically only implicated when there has been "prefiling conduct that either prevents a

plaintiff from filing suit or renders the plaintiff's access to the court ineffective or meaningless

constitutes a constitutional violation." *Estate of Smith v. Marasco*, 318 F.3d 497, 512 (3d Cir.

2003).  A plaintiff whose complaint includes only allegations of cover-ups or discovery abuses

that occur after an action has begun and that could have been dealt with by the trial court during

the ongoing action has not stated a viable constitutional claim.  *Id.*; *Wiggins v. Logan*, 345 Fed.

Appx. 811, 814 (3d Cir. 2009).

Plaintiff's Complaint does not allege that Defendants engaged in any prefiling conduct

which prevented him from filing suit.  Plaintiff has had extensive opportunities to address, in

court, the alleged cover-up and concealment of evidence.  Thus, Plaintiff has not been denied his opportunity to present his claims to the judiciary.  Also, again reiterating this Court's prior June 23, 2010 Order, Plaintiff's Complaint does not specify any action of the individual defendants that would have contributed to his inability to access the courts.  Out of the Defendants who have joined in the present Motion to Dismiss, the only ones mentioned by name outside the caption of the Complaint are Cave, Vaghese, and Catalano.  (Compl. 4.)  These three Defendants are mentioned only in one paragraph in reference to their preparation of discovery materials which were affirmatively provided to Plaintiff.  The Complaint does not plausibly suggest that any of the named Defendants prevented Plaintiff from filing suit or rendered Plaintiff's access to the courts meaningless and ineffective.  For this reason, the Court will dismiss Counts I, II, III, IV, VII, and the relevant parts of Counts V and VI.

In Counts V and VI Plaintiff alleges that he, as a minority student, was treated differently than Caucasian students in violation of the Equal Protection Clause of the Fourteenth Amendment and Title VI of the Civil Rights Act.  Plaintiff has already brought similar civil rights claims in state court, and thus Defendants argue that these claims are barred by New Jersey's entire controversy doctrine.  However, Plaintiff alleges that his current claims rely on newly discovered evidence that was not available to him during the prior litigation.  If the evidence supporting Plaintiff's claims truly was not previously available to him, then the Court cannot dismiss on the basis of the entire controversy doctrine because Plaintiff did not have a full and fair opportunity to litigate his claims in the prior instance.  The Court, however, will dismiss on other grounds.  As previously explained, Plaintiff has failed to allege the existence of similarly-situated Caucasian students who were treated in a different manner than he was.  In

addition, again, Plaintiff has also failed to specify what actions the individual named Defendants have taken that would have violated his right to equal protection of the laws or Title VI of the Civil Rights Act.  Thus, the Court will dismiss Counts V and VI of the Complaint.

In addition, the Court must dismiss Counts I-IV as barred by the entire controversy doctrine.  New Jersey's entire controversy doctrine requires the joinder of all claims against a party arising from a single controversy.  *Woodward-Clyde Consultants v. Chem. & Pollution Sci., Inc.*, 105 N.J. 464, 473 (1987); *Thomas v. Hargest*, 363 N.J. Super. 589, 595 (App. Div. 2003).  Claims arising from the same core set of related facts are precluded from being raised in a subsequent proceeding against a person who was party to the prior action.  *Hargest*, 363 N.J. Super. at 595; *Hobart Bros. Co. v. Nat'l Union Fire Co.*, 354 N.J. Super. 229, 242 (App. Div. 2002). Counts I through IV of the Complaint are, almost to a word, identical to the claims made in Plaintiff's most recent state court suit, *OR v. Cave*, MER-L-2266-09.  All of the Defendants who have joined in the Motion to Dismiss were also named defendants in that action.  The Superior Court granted summary judgment against Plaintiff in *OR v. Cave* after fully considering the arguments of both parties.  Plaintiff is therefore barred from asserting Counts I through IV of the Complaint against these Defendants.

The Court notes that Plaintiff has a Motion to Amend the Complaint currently pending. This Court has already held that Plaintiff is barred from asserting Counts I and II against all Defendants and Counts III and IV against all Defendants other than Hutner due to the entire controversy doctrine.  (*See supra* 6; June 23, 2003 Order 10-11.)  Those Counts were dismissed with prejudice.  Dismissal of the other counts, however, was without prejudice and it is possible that Plaintiff could properly amend the Complaint to state a claim upon which relief could be

-6-

granted.  The Court therefore will not close this matter until it has had an opportunity to address the pending Motion to Amend.

CONCLUSION

For the above reasons, and for good cause shown,

IT IS this 17th day of September, 2010

ORDERED that the Court's July 23, 2010 Order is AMENDED to strike the portion of the Conclusions which states "and it is ORDERED that this matter is CLOSED"; and it is

ORDERED that this matter is to be REOPENED; and it is

ORDERED that Plaintiff's Motion for Reconsideration is DENIED; and it is

ORDERED that Defendants' Motion to Dismiss is GRANTED.

/s/ Anne E. Thompson
_____
ANNE E. THOMPSON, U.S.D.J.