NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| OR (a student) | : | |
| Plaintiff, | : | Civil No. 10-1711 (AET) |
| v. | : | **OPINION & ORDER** |
| Gerri HUTNER, et al., | : | |
| Defendants. | : | |

THOMPSON, U.S.D.J.

## I.   INTRODUCTION

This matter has come before the Court upon Defendants Gerri Hutner's and Victoria Kniewel's Motion for Sanctions [docket # 18]. Plaintiff OR (a student) opposes the motion. The Court has decided the motion after taking into consideration the parties' submissions and oral arguments heard on September 28, 2010. For the reasons set forth below, Defendants' Motion for Sanctions is granted.

## II.   BACKGROUND

The Court presumes that all parties are familiar with the factual and procedural background of this matter. The events underlying this matter began in March 2004, when Plaintiff, then a minor student, was found in possession of a knife at school. Although Plaintiff initially alleged that the West Windsor Plainsboro School District treated him in a discriminatory manner when he was disciplined for possession of the knife, the current lawsuit focuses on the allegation that Defendants' actions in subsequent litigation violated Plaintiff's constitutional right to access the courts.

To date, Plaintiff has initiated a number of lawsuits in state court, nearly all of which have been resolved in favor of the Defendants. At the close of the most recent civil action filed in state court, Defense counsel moved for sanctions under state law. Superior Court Judge Pereksta refused to grant sanctions, but ordered that Plaintiff's counsel be barred from filing any new complaint relating to the underlying facts of the case without leave of court allowing him to file again. (Mot. Hr'g Tr. 5, May 28, 2010) [55].

On March 5, 2010, Plaintiff filed the present Complaint [1] in this Court. The Defendants requested that the Plaintiff withdraw the Complaint on the grounds that the allegations therein were frivolous and that they mirrored claims already resolved in state court. The Plaintiff refused to withdraw, and the Defendants subsequently filed a Motion to Dismiss [7] under Federal Rule of Civil Procedure 12(b)(6), which this Court granted on June 23, 2010 [17]. On September 17, 2010, we reopened the case in order to reflect that Plaintiff had served within the applicable 120-day period four additional defendants not named in the original action. In the same order [53], we denied Reconsideration on the previous Motion to Dismiss and also granted the additional defendants' Motion to Dismiss.

Defendants now seek sanctions under Federal Rule of Civil Procedure 11 against Plaintiff's attorney, Mr. Rotimi Owoh, Esq., in the form of an award of $8,273.60 in fee reimbursement for work done in connection with this case, in addition to any further sanction this Court may deem appropriate. (Letter from Eric L. Harrison (Sep. 30, 2010)) [62].[1]

---

[1] The Court notes that Defendants' Motion for Sanctions was filed after the June 23rd Order granting Defendants' Motion to Dismiss and closing the case. However, given that we later reopened the case, we will not hold against the Defendants the Court's error in closing the case prematurely. Thus, Defendants' Rule 11 motion was timely and properly filed "before the entry of a final judgment." *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 100 (3rd Cir. 1988).

III.     ANALYSIS

**A.     Legal Standard for Motion for Sanctions**

Under Federal Rule of Civil Procedure 11(c), a court may at its discretion impose "an appropriate sanction on any attorney, law firm, or party" that has violated the requirements of Rule 11(b). Fed. R. Civ. P. 11(c)(1). Rule 11(b) provides four requirements that must be satisfied by attorney or party representations: (1) pleadings, motions or other submissions must not be "presented for improper purposes" such as harassment or increasing the cost of litigation; (2) the claims must be "warranted by existing law or a nonfrivolous argument for extending, modifying or reversing existing law;" (3) "factual contentions must have evidentiary support" or be likely to have such support after investigation or discovery; and (4) "denials of factual contentions must be warranted on the evidence" or based on belief or lack of information. *Id.* 11(b)(1)–(4). Violation of any of these requirements may result in sanctions.

Sanctions are limited to "what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Examples of possible sanctions include nonmonetary directives, an order to pay a penalty to court, or payment to the movant of reasonable attorney's fees. *Id.* In all cases, a sanction should constitute "the *minimum* that will serve to *adequately* deter the undesirable behavior." *Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa.*, 103 F.3d 294, 301 (3d Cir. 1996) (emphasis in original). Factors a court may consider in determining whether to sanction a litigant include "[a] history of [similar] behavior, the defendant's need for compensation, the degree of frivolousness, and the willfulness of the violation." *Id.*

**B.     Application**

Plaintiff's counsel's conduct in repeating claims already foreclosed by previous lawsuits violates Rule 11(b)(2)'s prohibition against unwarranted or frivolous claims. Plaintiff has filed multiple lawsuits in the New Jersey state court system pertaining to facts identical to those alleged here. *See, e.g., John Doe v. West Windsor Plainsboro Regional School District*, MER-L-2316-06; *O.R. v. Kniewel*, MER-L-2293-07; *O.R. v. Gibbs-Nini*, MER-L-2380-07; *Owoh v. West Windsor Plainsboro Regional School District*, MER-L-2686-06; *OR v. Rudnick*, MER-L-10-08; *OR v. Cave*, MER-L-2266-09. These lawsuits had all been resolved in the Defendants' favor prior to the filing of this lawsuit. The court in *OR v. Cave* granted the Defendants' summary judgment motion after full consideration of the issues and the arguments of both parties. Yet, Counts I–IV of the original Complaint[2] [1] filed in this Court are identical to the allegations made in *OR v. Cave*. (*See* Op. & Order 4 (June 23, 2010)) [17]. Likewise, the *OR v. Rudnick* court fully addressed claims that Plaintiff's counsel appears to have repeated more or less verbatim as Counts I and II of the Complaint filed in this Court. The knowing institution of claims so indistinguishable from those previously adjudicated on the merits constitutes frivolousness warranting sanctions by the Court. The Court finds that a sanction is appropriate here because it would be unfair to the Defendants to require them to continue to respond to claims dismissed and arguments rejected in courthouse after courthouse. Sanctions are thus warranted to deter further action by Plaintiff's counsel.

Plaintiff's counsel asserts that he "reasonably believed," based on *In re Mullarkey*, 536 F.3d 215 (3rd Cir. 2008), that the previous state court decisions did not preclude him from filing

---

[2] The Court notes that, because Plaintiff's Motion to Amend has been denied [69], only the original Complaint is relevant to Defendants' Rule 11 Motion.

identical claims in federal court.  However, *Mullarkey* is inapposite because the proceeding to which the court refused to accord preclusive effect in that case was a state foreclosure sale that provided little indication as to whether it was decided on the merits.  *Id.* at 228.  Foreclosure proceedings such as *Mullarkey* are quite different from the numerous state court rulings denying Plaintiff's claims over the course of the convoluted procedural history of this case.  Although Plaintiff's counsel states that he believed these dismissals were not "on the merits," this Court cannot conclude that such a belief was reasonable or credible.  Plaintiff's counsel also stated in oral argument at the hearing on September 28, 2010, that he believes that he does not have to withdraw his case until he has had the opportunity to engage in full discovery.  This argument carries no weight on this litigation record.

     As to the amount of sanctions, the Court notes that sanctions should be no greater than necessary to deter repeat conduct by the litigant or his attorney.  Therefore, this Court will order payment to Defense counsel of a portion of the Defendants' attorney's fees in the amount of $4,500.00.

IV.     CONCLUSION

For the above reasons, and for good cause shown,

IT IS this 4th day of November, 2010,

ORDERED that Defendants' Motion for Sanctions is GRANTED; and it is

ORDERED that Plaintiff's counsel, Mr. Rotimi Owoh, Esq., pay Defendants' counsel attorneys' fees in the amount of $4,500.00.

       *Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.