NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| OR (a student) | : | |
| | : | |
| Plaintiff, | : | Civil No. 10-1711 (AET) |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| Gerri HUTNER, Lisa CATALANO, | : | |
| Rick CAVE, Arthur DOWNS, | : | |
| Donna GIBBS-NINI, Eric HARRISON, | : | |
| Victoria KNIEWEL, Dennis LEPOLD, | : | |
| METHFESEL & WERBEL, | : | |
| Kathy MITCHEL, Charles RUDNICK, | : | |
| Larry SHANOK, Thomas A. SMITH, | : | |
| Robby VARGHESE, WEST WINDSOR | : | |
| PLAINSBORO SCHOOL DISTRICT, and | : | |
| Michael ZAPICCHI, | : | |
| | : | |
| Defendants. | : | |

THOMPSON, U.S.D.J.

## I.     INTRODUCTION

This matter has come before the Court upon Plaintiff OR's Motion for Reconsideration and for Rule 60 Corrections [docket #71]. Defendants Gerri Hutner, Lisa Catalano, Rick Cave, Arthur Downs, Donna Gibbs-Nini, Eric Harrison, Victoria Kniewel, Dennis Lepold, Methfessel & Werbel, Kathy Mitchel, Charles Rudnick, Larry Shanok, Thomas A. Smith Robby Varghese, West Windsor Plainsboro School District, and Michael Zapicchi oppose the motion [73]. The Court has decided the motion after taking into consideration the parties' submissions without oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's Motion for Reconsideration is denied.

II. BACKGROUND

The Court presumes that all parties are familiar with the factual and procedural background of this matter. The events underlying this matter began in March 2004, when Plaintiff, then a minor student, was found in possession of a knife at school. Although Plaintiff's initial legal actions alleged that the West Windsor Plainsboro School District (the "School District") treated him in a discriminatory manner in disciplining him for the knife possession, the current lawsuit focuses on the allegation that Defendants' conduct in subsequent litigation violated Plaintiff's constitutional right to access the courts.

On March 5, 2010, Plaintiff filed a Complaint [1] in this Court. Defendants filed a Motion to Dismiss [7] under Federal Rule of Civil Procedure 12(b)(6), which this Court granted on June 23, 2010 [17]. On September 17, 2010, we denied Reconsideration on the previous Motion to Dismiss and also granted the Motion to Dismiss filed by four defendants that were added after our June 23rd order [53]. However, we allowed the matter to remain open to provide the Plaintiff with the opportunity to amend the Complaint to state a claim upon which relief could be granted. On September 29, 2010, Plaintiff filed a renewed Motion to Amend [60], naming additional defendants. We denied the Motion to Amend with prejudice on November 4, 2010 [69].

Prior to the proceedings relating to the Motion to Amend, Defendants had filed a Motion for Sanctions requesting attorneys' fees to be paid by Plaintiff's counsel [20]. We held a hearing on the Motion for Sanctions on September 28, 2010 [61]. After having established in our November 4th Order that any amendment to the Complaint would be futile, and in light of the parties' briefs and oral argument regarding the frivolousness of this lawsuit, we ultimately granted Defendants' Motion for Sanctions on November 5, 2010 [70], awarding Defense counsel

attorneys' fees in the amount of $4,500.00.

Plaintiff's counsel now requests reconsideration of our denial of the Motion to Amend and our grant of the Motion for Sanctions.

### III.   ANALYSIS

#### A.  Legal Standard for Motion for Reconsideration

A motion for reconsideration, pursuant to Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1, may be brought on three grounds: (1) an intervening change in controlling law, (2) evidence not previously available, or (3) to correct a clear error of law or prevent manifest injustice. *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  Reconsideration is an extraordinary remedy that is to be granted "very sparingly." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002).  A motion for reconsideration is not a vehicle for raising new matters or arguments that could have been raised before the original decision was made, *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001), nor is it an opportunity to ask a court to rethink what it has already thought through. *Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).  Reconsideration based on a clear error of law may be granted only if there is a dispositive factual or legal matter that was presented but not considered which would have reasonably resulted in a different conclusion by the court. *Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010).

#### B.  Application

##### 1.  Denial of Plaintiff's Motion to Amend

Federal Rule of Civil Procedure 15(a) requires that leave to amend the pleadings be granted freely "when justice so requires." Fed. R. Civ. P. 15(a).  Despite this liberal standard, a court may deny a motion to amend on grounds of undue delay, prejudice, bad faith, or futility.

*Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005). Claims are considered futile when they are time-barred, frivolous, or facially insufficient under the Rule 12(b)(6) motion to dismiss standard. *In re NAHC, Inc., Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (describing time-barred claims as futile); *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (discussing futility in terms of frivolousness); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) (discussing facial insufficiency).

In our November 4th Opinion, we denied with prejudice Plaintiff's Motion to Amend because the proposed Amended Complaint was futile. (Op. & Order, Nov. 4, 2010) [69]. We based this conclusion on the fact that the newly added claims were barred by the entire controversy doctrine, the litigation privilege, New Jersey Tort Claims Act timing requirements, and failure to state a claim on which relief could be granted. (*Id.* 4–8.)

First, Plaintiff argues that we inappropriately applied the entire controversy doctrine to his claims because the state court decision in *OR v. Cave*, MER-L-2266-09, dismissing his claims was not "on the merit [sic]." (Br. in Supp. 2.) Plaintiff appears to assert that the *OR v. Cave* holding should not be given preclusive effect because the case was dismissed before any discovery was conducted and before he had an opportunity to amend the complaint. (*Id.*) Contrary to Plaintiff's assertion, discovery is not necessary in order for a decision to be made on the merits; under New Jersey law, a case dismissed prior to discovery may nonetheless be considered an adjudication "on the merits." N.J. Ct. R. 4:37-2(d) (stating that "any dismissal . . . other than a dismissal for lack of jurisdiction, operates as an adjudication on the merits"). The Plaintiff's inability to amend pleadings in the prior case is similarly irrelevant to whether the case was decided on the merits. Accordingly, this Court did not err in applying the entire controversy doctrine.

Plaintiff further argues, based on *Rycoline Products v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997) and *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978), that the Court erred in failing to "convert[] the motion into a Rule 56 motion." (Br. in Supp. 4.) However, *Rycoline* and *Bethel* are inapposite in that both cases addressed the propriety of using affirmative defenses as the basis for granting a Rule 12(b)(6) Motion to Dismiss; here, the Court ruled on a Motion to Amend, which could not possibly be converted into a Rule 56 Motion for Summary Judgment as suggested by the Plaintiff. Thus, this Court did not err by not applying *Rycoline* or *Bethel*.

Plaintiff next argues that the Court disregarded the Supremacy Clause in applying a state litigation privilege to bar his federal civil rights claims. (Br. in Supp. 3–4) [71]. We acknowledge here that we erred in suggesting that the litigation privilege would bar Plaintiff's Constitutional claims under 42 U.S.C. §§ 1985, 1986, (Op. & Order 4–5, Nov. 4, 2010). However, while not stated directly with respect to Plaintiff's Constitutional claims, an additional rationale informed our decision: Plaintiff's failure to state a claim under the Rule 12(b)(6) standard. As noted in our November 4th Opinion, the Rule 12(b)(6) motion to dismiss standard, which is used in analyzing whether a claim is "futile" on a motion to amend, requires facts showing a "plausible claim for relief." (*Id.* at 4 (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009)). Because it is not plausible that Defense counsel obstructed justice merely by stating in a prior proceeding that the School District was unable to print out records, any claims regarding counsel's statements would be futile and thus would not warrant any amendment. With respect to Plaintiff's claim that Defense counsel obstructed justice and denied him access to the courts by failing to inform him of Lisa Catalano's employment in Defense counsel's firm, we concluded that such a claim

would be futile primarily because of Plaintiff's failure to identify any duty to so inform him. (Op. & Order 5, Nov. 4, 2010.)  As such, any error we committed in noting the litigation privilege as an additional justification was harmless in light of that underlying rationale.

Plaintiff further asserts that the "entire controversy doctrine could not possibly bar [tort] claims that accrued as a result of the evidence that became available <u>on January, 2010</u>," (Br. in Supp. 31 (emphasis in original)), because that evidence was subject to a six-month waiting period under the New Jersey Tort Claims Act, (*id.* at 30).  However, Plaintiff appears to have misread our Opinion, which held that these claims were "futile as barred by the litigation privilege," not the entire controversy doctrine.  (Op. & Order 7, Nov. 4, 2010.)  Because there is no error in applying the litigation privilege to common law tort claims, we need not reconsider this conclusion.

Finally, Plaintiff requests clarification regarding the 42 U.S.C. § 1985 and 42 U.S.C. § 1986 conspiracy claims he sought to add as part of the proposed Amended Complaint.  (Br. in Supp. 14–17.)  To the extent that this Court's view of these claims was unclear in our November 4th Opinion, we note here that these claims are futile.  Plaintiff has failed to allege specific facts plausibly showing that Defendants engaged in a conspiracy to deprive him of equal protection of the laws by concealing evidence, *see* 42 U.S.C. § 1985, or by otherwise neglecting to prevent such concealment, *see* 42 U.S.C. § 1986.

Thus, our denial of the Motion to Amend does not warrant reconsideration.

**2. Grant of Defendants' Motion for Sanctions**

Under Federal Rule of Civil Procedure 11(c), a court may at its discretion impose sanctions for any of the following: (1) pleadings or motions submitted for improper purposes such as harassment; (2) claims unwarranted by existing law or by a nonfrivolous argument for

extending the law; (3) lack of evidentiary support for factual contentions; and (4) factual contentions not warranted by evidence, belief, or lack of information. *Id.* 11(b)(1)–(4).

In our November 5th Opinion, we granted Defendants' Motion for Sanctions because Plaintiff's Complaint repeated several allegations that had already been litigated in various previous state court proceedings. (Op. & Order 4, Nov. 5, 2010) [70]. We considered this conduct to be frivolous enough to warrant sanctions. However, we limited sanctions to a portion of the attorneys' fees requested by Defense counsel, in the amount of $4,500.00.

Plaintiff asserts that the Complaint did not in fact repeat claims already foreclosed by his previous lawsuit. (Br. in Supp. 20.) In support of this claim, Plaintiff asserts that "a federal court does not have to give a preclusive effect to a state court decision if the state court proceeding does not comply with the minimum procedural due process." (*Id.* at 22 (citing *Rycoline*, 109 F.3d at 887).) However, the rights that Plaintiff claims—namely, the right "to know the reasons his complaint was declared defective, an opportunity to correct the deficiencies if any, a chance to conduct discovery, and a fair, free and untrammeled opportunity of presenting all the facts pertinent to a controversy"—are gleaned from New Jersey state court cases which do not speak to procedural due process under the United States Constitution. (*See id.* at 22–23.) Nothing in the prior state court proceedings suggests that Plaintiff was deprived of due process under the Constitution, and accordingly the prior decisions are entitled to full faith and credit, U.S. Const. Art. IV, § 1.

Plaintiff's counsel maintains that he reasonably relied upon *United Hearts, L.L.C. v. Zahabian*, 971 A.2d 434, 442 (N.J. Super. Ct. App. Div. 2009), in concluding that there was no need "to withdraw his lawsuit until discovery reveal[ed] evidence showing that the claims [we]re not viable," (Br. in Supp. 26.) Beyond having a markedly different factual and procedural

-7-

background—notably, the plaintiff had not previously filed any lawsuits—*Zahabian* cannot reasonably be construed to create an absolute entitlement to discovery in every case filed. Moreover, a desire for discovery does not absolve Plaintiff's counsel of his responsibility as a licensed attorney to understand the application of procedural doctrines such as res judicata, issue preclusion, and the entire controversy doctrine, all of which exist to prevent precisely the type of costly relitigation exemplified by this lawsuit.

Plaintiff asserts that it is "unfair" to "reward deceit perjury, and <u>outright fraud</u>." (Br. in Supp. 12 (emphasis in original).) We do not credit Plaintiff's assumption that Defendants or Defense counsel engaged in the alleged fraud or misconduct. Moreover, as stated in our November 5th Opinion, we awarded sanctions not to reward any conduct on the part of the Defendants or Defense counsel, but to deter further frivolous litigation conduct by Plaintiff and Plaintiff's counsel. (Op. & Order 5, Nov. 5, 2010.)

Thus, our grant of the Motion for Sanctions does not warrant reconsideration.

### C. Request for Corrections

Plaintiff requests that we correct, pursuant to Fed. R. Civ. P. 60(a), certain statements in our Opinion & Order on the Motion to Amend. First, Plaintiff asserts that we inaccurately stated that "Plaintiff *now* supports his disparate treatment claims with the allegation that Caucasian students were not referred to the police or suspended from school," (Op. & Order 5, Nov. 4, 2010 (emphasis added)), whereas that allegation was included in the original Complaint as well, (Br. in Supp. 18). Second, Plaintiff asserts that we inaccurately stated in a footnote that "Most of Plaintiff's OPRA claims were dismissed, although he did prevail on a small percentage of these requests," (Op. & Order 2 n.1, Nov. 4, 2010), whereas he prevailed on all but two of his OPRA requests, (Br. in Supp. 19–20). These requests do not warrant lengthy discussion. Suffice it to

say that the claimed inaccuracies are immaterial to our decision and do not require correction.

### D. Request for Discovery

In his Brief in Support of this motion, Plaintiff again requests discovery in this matter. (Br. in Supp. 31.)  Having denied Plaintiff's Motion to Amend and having dismissed all claims stated in the original Complaint, there is no need for discovery.  Accordingly, we will deny Plaintiff's discovery request and close this case.

IV.    CONCLUSION

For the above reasons, and for good cause shown,

IT IS on this 18th day of January, 2011,

ORDERED that Plaintiff's Motion for Reconsideration is DENIED; and it is further

ORDERED that this case is CLOSED.

.

                                              */s/ Anne E. Thompson*
                                              ANNE E. THOMPSON, U.S.D.J.