NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| OR (a student) | : | |
| | : | |
| Plaintiff, | : | Civil No. 10-1711 (AET) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| Gerri HUTNER, Lisa CATALANO, | : | |
| Rick CAVE, Arthur DOWNS, | : | |
| Donna GIBBS-NINI, Eric HARRISON, | : | |
| Victoria KNIEWEL, Dennis LEPOLD, | : | |
| METHFESEL & WERBEL, | : | |
| Kathy MITCHEL, Charles RUDNICK, | : | |
| Larry SHANOK, Thomas A. SMITH, | : | |
| Robby VARGHESE, WEST WINDSOR | : | |
| PLAINSBORO SCHOOL DISTRICT, and | : | |
| Michael ZAPICCHI, | : | |
| | : | |
| Defendants. | : | |

THOMPSON, U.S.D.J.

I.   INTRODUCTION

This matter has come before the Court upon Plaintiff OR's Motion to Set Aside Judgment [docket # 88]. Defendants Gerri Hutner, Lisa Catalano, Rick Cave, Arthur Downs, Donna Gibbs-Nini, Eric Harrison, Victoria Kniewel, Dennis Lepold, Methfessel & Werbel, Kathy Mitchel, Charles Rudnick, Larry Shanok, Thomas A. Smith, Robby Varghese, West Windsor Plainsboro School District, and Michael Zapicchi (collectively, the "Defendants") oppose the motion [89]. Defendants additionally request that this Court affirmatively enter judgment in favor of Defendants and against Plaintiff's counsel. (Def's Att'y Aff., at 2) [92]. The Court has decided these matters after taking into consideration the parties' submissions without oral

1

argument pursuant to Fed. R. Civ. P. 78(b).  For the reasons set forth below, Plaintiff's Motion to Set Aside Judgment is denied.

## II. BACKGROUND

The Court presumes that all parties are familiar with the underlying factual and procedural history of this action.  In March 2004, Plaintiff, then a minor student, was found in possession of a knife at school.  Plaintiff subsequently initiated several state court actions against the West Windsor Plainsboro School District (the "School District") and its employees challenging his suspension, alleging that the School District treated him in a discriminatory manner in disciplining him for the knife possession, and seeking the production of school records.

On March 5, 2010, Plaintiff filed a Complaint [1] in this Court.  Plaintiff's lawsuit focused on the allegation that Defendants' conduct in subsequent litigation violated Plaintiff's constitutional right to access the courts.  Defendants filed a Motion to Dismiss [7] under Federal Rule of Civil Procedure 12(b)(6), which this Court granted on June 23, 2010 [17].  On September 17, 2010, this Court denied Reconsideration on the previous Motion to Dismiss and also granted the Motion to Dismiss filed by four defendants that were added after our June 23rd order [53].  On September 29, 2010, Plaintiff filed a renewed Motion to Amend [60], naming additional defendants.  This Court denied the Motion to Amend with prejudice on November 4, 2010 [69]; this Court also sanctioned Plaintiff's counsel, Mr. Rotimi Owoh, Esq., ordering him to pay Defendants' counsel attorney's fees in the amount of $4,500 [70].  On November 10, 2010, Plaintiff filed a Motion for Reconsideration and for Rule 60 Corrections [71].  On January 18, 2011, this Court denied Reconsideration and ordered that this case be closed [80].  Plaintiff appealed this decision [83], and on July 27, 2011, the Third Circuit affirmed the District Court

judgment [86].

Plaintiff's counsel now files a Rule 60 motion to set aside the final judgment entered by this Court, arguing that newly acquired evidence suggests that the final judgment includes a sanction amount that was "obtained in whole or in part through inaccurate information or fraud" (Pls. Mot. to Set Aside J., at 1), and that the evidence for this motion became available to Plaintiff after this court had already entered final judgment. (*Id.*, at 2). Plaintiff's counsel repeats his request for discovery including: (1) copies of checks issued by Defendants or their insurance carriers for payment of the invoices; (2) bank records for payment of each of the bills; (3) an opportunity to depose Lisa Catalano about the bills/invoices; and (4) an opportunity to depose individual defendants Robby Varghese, Rick Cave, and Thomas Smith to determine the scope of Defense counsel's representation. (*Id.*, at 3).

### III. DISCUSSION

**A. Legal Standard for a Motion to Set Aside Judgment**

Federal Rule of Civil Procedure 60 provides that a court may relieve a party or its legal representative from a final judgment or order on grounds of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," or "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(2) and (3). "The general purpose of Rule 60, which provides relief from judgments for various reasons, is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). A motion for relief under Rule 60(b) is directed to the sound discretion of the court. *Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1989). Such motions are to be granted only

3

in exceptional circumstances. *Boughner*, 572 F.2d at 977.

Plaintiff's counsel argues that it has just learned that the billing invoices filed by Defense counsel in support of the award of monetary sanction were not sent to the School District or any of the individual Defendants represented in this matter. (Pls. Mot. to Set Aside J., at 2). However, this information could have been discovered with reasonable diligence. As Defense counsel noted in its March 2010 certification, as of October 2007, the School District had satisfied its deductible under its insurance policy and no further bills had been sent to the School District. (Def's Opp'n to Mot. to Set Aside J., at 2). Information regarding the School District's insurance policy would have been readily accessible to Plaintiff's counsel. Additionally, Defense counsel sent copies of such billing on several occasions to Plaintiff's counsel upon request. (*Id*.). In any event this information would not have been material to this Court's imposition of monetary sanctions.

Plaintiff's counsel additionally contends that it has newly discovered information that representations Defense counsel provided to this court contained material inaccurate information concerning the identity and employment status of Lisa Catalano and further argues that he should not have to pay for the legal expenses incurred by the defendants for the time defense counsel concealed the true employment status of Lisa Catalano. (Pls. Mot. to Set Aside J., at 3–8). However, this claim merely regurgitates arguments previously rejected by this Court. (*See, e.g*, Op. & Order 5, Nov. 4, 2010 (noting Plaintiff's counsel failed to identify any duty on the part of Defense counsel inform him of Lisa Catalano's employment in Defense counsel's firm); Op. & Order 5, Jan. 18, 2011 [80] (same)). The Court does not believe that Plaintiff has established any fraud, misrepresentation, or misconduct on the part of School District or its counsel that would warrant the Court setting aside its judgment.

## B. Imposition of Sanctions

Under Federal Rule of Civil Procedure 11(c), a court may at its discretion impose sanctions for any of the following: (1) pleadings or motions submitted for improper purposes such as harassment; (2) claims unwarranted by existing law or by a non-frivolous argument for extending the law; (3) lack of evidentiary support for factual contentions; and (4) factual contentions not warranted by evidence, belief, or lack of information.  *Id.* 11(b)(1)–(4).

Plaintiff in this motion again asserts that "it would amount to a ***perversion of the law*** to essentially reward deceit by compelling Plaintiff to pay for legal expenses the defendants incurred as a result of… [Defense counsel's] deliberate and deceitful effort to conceal the true employment status of Lisa Catalano." (Pls. Mot. to Set Aside J., at 8) (emphasis in original). Therefore, Plaintiff argues that he should not be compelled to pay for time Defense counsel spent "intentionally and deceitfully concealing information."  (*Id.*, at 9).  However, this Court does not credit Plaintiff's contention that Defendants or Defense counsel engaged in the alleged fraud or misconduct.  Moreover, as stated in its November 5th Opinion and again in its January 18, 2011 Opinion, this Court awarded sanctions not to reward any conduct on the part of the Defendants or Defense counsel, but rather to deter further frivolous litigation conduct by Plaintiff and Plaintiff's counsel.  (Op. & Order 5, Nov. 5, 2010; Op. & Order 8, Jan. 18, 2011).

An attorney may be held personally liable to pay Rule 11 sanctions.  *See generally Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191 (3d Cir. 1988); *see also Thompson v. Aland*, 639 F.Supp. 724, 732 (N.D.Tex.1986) ("The abuses in this case are legal rather than factual; accordingly, the court holds that the sanctions in this case should be imposed only against plaintiff's attorney.").  Defense counsel requests that this Court affirmatively enter judgment in favor of Defendants and against Plaintiff's counsel, Rotimi Owoh, Esq., in the

amount of $4,889.05, on account of the sanctions awarded by this Court and the documented costs awarded by the Third Circuit in its denial of Plaintiff's appeal. (Def's Att'y Aff., at 2). The Court believes entry of such judgment is appropriate.

## IV.     CONCLUSION

For the above reasons, and for good cause shown, Plaintiff's Motion to Set Aside Judgment is denied. Having denied Plaintiff's Motion to Set Aside Judgment and having dismissed all claims stated in the original Complaint, there is no need for additional discovery. An appropriate order will follow.

        */s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Dated October 13, 2011