NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| OR (a student) | : | |
| Plaintiff, | : | Civil No. 10-1711 (AET) |
| v. | : | **OPINION & ORDER** |
| Gerri HUTNER, Lisa CATALANO, | : | |
| Rick CAVE, Arthur DOWNS, | : | |
| Donna GIBBS-NINI, Eric HARRISON, | : | |
| Victoria KNIEWEL, Dennis LEPOLD, | : | |
| METHFESEL & WERBEL, | : | |
| Kathy MITCHEL, Charles RUDNICK, | : | |
| Larry SHANOK, Thomas A. SMITH, | : | |
| Robby VARGHESE, WEST WINDSOR | : | |
| PLAINSBORO SCHOOL DISTRICT, and | : | |
| Michael ZAPICCHI, | : | |
| Defendants. | : | |

R E C E I V E D
DEC - 7 2011
AT 8:30 _____M
WILLIAM T. WALSH
CLERK

THOMPSON, U.S.D.J.

### I.    INTRODUCTION

This matter has come before the Court upon Plaintiff OR's Motion for Reconsideration of the Decision Dated October 13, 2011 or in the Alternative a Stay of This Matter to Allow the Mercer County Court to Rule on Pending Order to Show Cause [docket # 95]. Defendants Gerri Hutner, Lisa Catalano, Rick Cave, Arthur Downs, Donna Gibbs-Nini, Eric Harrison, Victoria Kniewel, Dennis Lepold, Methfessel & Werbel, Kathy Mitchel, Charles Rudnick, Larry Shanok, Thomas A. Smith, Robby Varghese, West Windsor Plainsboro School District, and Michael Zapicchi ("Defendants") oppose the motion [96]. The Court has decided the motion after taking

into consideration the parties' submissions[1] without oral argument pursuant to Fed. R. Civ. P. 78(b).  For the reasons set forth below, Plaintiff's Motion is denied.

## II.    BACKGROUND

The Court presumes that all parties are familiar with the underlying factual and procedural history of this action.  In March 2004, Plaintiff, then a minor student, was found in possession of a knife at school.  Plaintiff subsequently initiated several state court actions against the West Windsor Plainsboro School District (the "School District") and its employees challenging his suspension, alleging that the School District treated him in a discriminatory manner in disciplining him for the knife possession, and seeking the production of school records.

On March 5, 2010, Plaintiff filed a Complaint [1] in this Court.  Plaintiff's lawsuit focused on the allegation that Defendants' conduct in subsequent litigation violated Plaintiff's constitutional right to access the courts.  Defendants filed a Motion to Dismiss [7] under Federal Rule of Civil Procedure 12(b)(6), which this Court granted on June 23, 2010 [17].  On September 17, 2010, this Court denied Reconsideration on the previous Motion to Dismiss and also granted the Motion to Dismiss filed by four defendants that were added after our June 23rd order [53].  On September 29, 2010, Plaintiff filed a renewed Motion to Amend [60], naming additional defendants.  This Court denied the Motion to Amend with prejudice on November 4, 2010 [69]; this Court also sanctioned Plaintiff's counsel, Mr. Rotimi Owoh, Esq., ordering him to pay Defendants' counsel attorney's fees in the amount of $4,500 [70].  On November 10, 2010, Plaintiff filed another Motion for Reconsideration and for Rule 60 Corrections [71].   On January 18, 2011, this Court denied Reconsideration and ordered that this case be closed [80].

---

[1] The Court notes that Plaintiff has requested an administrative extension of the time to file a reply in connection with this motion.  (*See* [98], [105]).  However, per L.Civ.R. 7.1(i), no reply papers shall be filed on a motion for reconsideration unless the Court otherwise orders.  The Court does not believe this case warrants an exception.

Plaintiff appealed this decision [83] and on July 27, 2011, the United States Court of Appeals for the Third Circuit affirmed the District Court judgment [86].

On August 18, 2011, Plaintiff's counsel filed a Rule 60 motion to set aside the final judgment entered by this Court, arguing that newly acquired evidence suggests that the final judgment includes a sanction amount that was "obtained in whole or in part through inaccurate information or fraud" (Pls. Mot. to Set Aside J., at 1) [88], and that the evidence for this motion became available to Plaintiff after this Court had already entered final judgment. (*Id.*, at 2). Plaintiff's counsel also requested discovery : (1) copies of checks issued by Defendants or their insurance carriers for payment of the invoices; (2) bank records for payment of each of the bills; (3) an opportunity to depose Lisa Catalano about the bills/invoices; and (4) an opportunity to depose individual defendants Robby Varghese, Rick Cave, and Thomas Smith to determine the scope of Defense counsel's legal representation. (*Id.*, at 3). On October 13, 2011, this Court denied this Motion, entering judgment in favor of West Windsor-Plainsboro School District against Plaintiff's counsel, Rotimi Owoh, Esq. [94].

Plaintiff's counsel now files yet another Motion for Reconsideration arguing that the "newly acquired evidence" could not have been discovered with reasonable diligence, (Pls. Mot. for Recons., at 2) [95], and that the "basic notion of fairness . . . [would] require Mr. Harrison to produce copies of the 'cashed checks' the school district's insurance carrier used to pay for the interim bills Mr. Harrison filed in court in support of the motion for counsel fees." (*Id.* at 4). Alternatively, Plaintiffs request that this Court stay the judgment and hold this matter in abeyance until the Mercer County Superior Court rules on its Order to Show Cause, which seeks the evidence of the cashed checks the school district's insurance carrier used to pay for the interim bills. (*Id.* at 4–5).

III.    DISCUSSION

**A. Legal Standard**

A motion for reconsideration brought pursuant to Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1, may be brought on three grounds: (1) an intervening change in controlling law; (2) evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Reconsideration is an extraordinary remedy that is to be granted "very sparingly." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration is not a vehicle for raising new matters or arguments that could have been raised before the original decision was made, *see Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001), nor is it an opportunity to ask a court to rethink what it has already thought through, *see Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Reconsideration based on a clear error of law may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court. *Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010).

**B. Application**

In the Court's view, Mr. Owoh has failed to demonstrate that he is entitled to relief on any of these grounds. Mr. Owoh offers no intervening change in controlling law; he merely "respectfully disagree[s]", (Pls. Mot. for Recons., at 2), with the Court's finding regarding whether the purportedly "newly discovered" evidence presented in the Rule 60 Motion was previously available and he disagrees with the Court's decision not to permit him to conduct limited discovery on who paid which legal bills, which the Court noted was irrelevant to its

imposition of sanctions.[2]  (*See id.*)

In the alternative, Plaintiff seeks a stay of this matter until the Mercer County Superior Court rules on a separately-filed Order to Show Cause.  Generally, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).  In order for a stay to be granted, the movant must demonstrate the likelihood of prevailing on the merits, that the movant will suffer irreparable harm if the stay is denied, that the other party will not be substantially harmed by the stay, and that the public interest will be served by granting the stay.  *See Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 659 (3d Cir. 1991).

Here, in a blatant attempt to run around this Court's Orders denying discovery, Mr. Owoh seeks an Order to Show Cause and Complaint in the Mercer County Superior Court relating to Plaintiff's April 7, 2011 Open Public Records Act ("OPRA") request for checks or proof of payment of 16 interim bills by the School District.  Mr. Owoh was informed by Defense counsel on April 25, 2011 that the School District did not have any records responsive to his request since the District had satisfied its deductible and the interim bills were paid by the District's insurance carrier.  (Defs' Opp'n at 2).  Further, Defense counsel advised Mr. Owoh at the time to amend his OPRA request, but he chose not to do so.[3]  Instead counsel filed suit October 19, 2011, shortly after this Court's Order and long after the OPRA's 45-day statute of limitations had expired.  (*See* Pls.' Mot. for Recons. Ex. 2; Defs' Opp'n at 2).  Given that Plaintiff's Complaint

---

[2] As the Court has continuously noted, this Court awarded sanctions against Mr. Owoh to deter further frivolous litigation conduct by Plaintiff and Plaintiff's counsel, not to reward or even necessarily compensate Defense counsel.  (*See* Op. & Order 5, Nov. 5, 2010; Op. & Order 8, Jan. 18, 2011; Op. & Order 5, Oct. 13, 2011).

[3] Incidentally, the Court notes that this is exactly the kind of reasonable diligence Mr. Owoh could have performed to learn that the billing invoices filed by Defense counsel in support of the award of monetary sanction were not sent to School District or any of the individual Defendants represented in this matter.  (*See* Op. & Order 4, Oct. 13, 2011).

is likely time-barred, he cannot satisfy "the likelihood of prevailing on the merits" prong of *Westinghouse*. Additionally, this Court notes, Mr. Owoh cannot show irreparable harm by the denial of the stay as this Court has continuously noted that this information would not have been material to this Court's imposition of monetary sanctions. (*See* Op. 4, 6, Oct. 13, 2011; Op. & Order 5, Nov. 5, 2010; Op. & Order 8, Jan. 18, 2011).

The Court would be remiss in not noting the frivolous nature of the present filing. The decision that Mr. Owoh now disputes was rendered on October 13, 2011 and, in fact, was a motion to review/set aside yet another decision this Court rendered on January 18, 2011, which was yet another denial of a motion for reconsideration that was upheld by the Third Circuit on July 27, 2011. At every stage of this review Mr. Owoh has ignored the legal standard for relief and has flaunted procedural rules. The appropriate procedure for challenging this Court's decision is to appeal to the Third Circuit. And indeed, this Court notes, Mr. Owoh has filed a Notice of Appeal. [100].

There must be an end to litigation. That end is not served by allowing Mr. Owoh to once again tie up the courts by endless frivolous pleadings. "There is no basis for allowing a motion for re-reconsideration." *Mars, Inc. v. Coin Acceptors, Inc.*, No. 90-0049, 2006 U.S. Dist. LEXIS 75650, *9 (D.N.J. Oct. 17, 2006). Accordingly, Plaintiff's motion for reconsideration is denied.

IV.  CONCLUSION

For the above reasons, and for good cause shown

IT IS on this ___ th day of December, 2011,

ORDERED that Plaintiff's Motion for Reconsideration of Decision Dated October 13, 2011 or in the Alternative a Stay of This Matter to Allow the Mercer County Court to Rule on Pending Order to Show Cause [docket # 95] is DENIED; and it is further

ORDERED that this case is CLOSED.

Dated _Dec 8, 2011_

ANNE E. THOMPSON, U.S.D.J.