NOT FOR PUBLICATION

RECEIVED
JAN 27 2012
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

OR (a student),

    Plaintiff,

v.

Gerri HUTNER, Lisa CATALANO,
Rick CAVE, Arthur DOWNS,
Donna GIBBS-NINI, Eric HARRISON,
Victoria KNIEWEL, Dennis LEPOLD,
METHFESEL & WERBEL,
Kathy MITCHEL, Charles RUDNICK,
Larry SHANOK, Thomas A. SMITH,
Robby VARGHESE, WEST WINDSOR
PLAINSBORO SCHOOL DISTRICT, and
Michael ZAPICCHI,

    Defendants.

Civil No. 10-1711 (AET)

**OPINION & ORDER**

THOMPSON, U.S.D.J.

I.     INTRODUCTION

This matter has come before the Court upon Plaintiff OR's Motion for a Stay to Allow Middlesex County Court to Rule on its Pending OPRA Lawsuit and for Factual Finding on the Amount of Attorney Fees Paid by Defendants' Insurance Carrier in Connection with this Particular Case [docket # 108]. Defendants Gerri Hutner, Lisa Catalano, Rick Cave, Arthur Downs, Donna Gibbs-Nini, Eric Harrison, Victoria Kniewel, Dennis Lepold, Methfessel & Werbel, Kathy Mitchel, Charles Rudnick, Larry Shanok, Thomas A. Smith Robby Varghese, West Windsor-Plainsboro School District, and Michael Zapicchi ("Defendants") oppose the motion [109]. The Court has decided the motion after taking into consideration the parties'

1

submissions and without oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's Motion is denied.

## II.     BACKGROUND

The Court presumes that all parties are familiar with the underlying factual and procedural history of this action. In March 2004, Plaintiff, then a minor student, was found in possession of a knife at school. Plaintiff subsequently initiated several state court actions against the West Windsor-Plainsboro School District (the "School District") and its employees challenging this suspension. Plaintiff alleges that the School District treated him in a discriminatory manner in disciplining him for the knife possession. Plaintiff also seeks the production of various school records.

On March 5, 2010, Plaintiff filed a Complaint [1] in this Court. Plaintiff's lawsuit focused on the allegation that Defendants' conduct in subsequent litigation violated Plaintiff's constitutional right to access the courts. Defendants filed a Motion to Dismiss [7] under Federal Rule of Civil Procedure 12(b)(6), which this Court granted on June 23, 2010 [17]. On September 17, 2010, this Court denied Reconsideration on the previous Motion to Dismiss and also granted the Motion to Dismiss filed by four defendants that were added after the Court's June 23rd order [53]. On September 29, 2010, Plaintiff filed a renewed Motion to Amend [60], naming additional defendants. The Court denied the Motion to Amend with prejudice on November 4, 2010 [69]; the Court also sanctioned Plaintiff's counsel, Mr. Rotimi Owoh, Esq., ordering him to
pay Defendants' counsel attorney's fees in the amount of $4,500 [70]. On November 10, 2010, Plaintiff filed another Motion for Reconsideration and for Rule 60 Corrections [71]. On January 18, 2011, this Court denied Reconsideration and ordered that this case be closed [80].

Plaintiff appealed this decision [83] and on July 27, 2011, the United States Court of Appeals for the Third Circuit affirmed the District Court judgment [86].

On August 18, 2011, Plaintiff's counsel filed a Rule 60 motion to set aside the final judgment entered by this Court, arguing that newly acquired evidence suggests that the final judgment includes a sanction amount which was "obtained in whole or in part through inaccurate information or fraud" (Pl.'s Mot. to Set Aside J., at 1) [88], and that the evidence for this motion became available to Plaintiff after this Court had already entered final judgment. (*Id.*, at 2). Plaintiff's counsel also requested discovery including: (1) bank records for payment of each of the bills as well as the opportunity to depose Lisa Catalano about the bills/invoices; and (2) the opportunity to depose individual defendants Robby Varghese, Rick Cave, and Thomas Smith to determine the scope of Defense counsel's representation. (*Id.*, at 3). On October 13, 2011, this Court denied this Motion, entering judgment in favor of the School District against Mr. Owoh. [94].

On October 26, 2011, Mr. Owoh filed yet another Motion for Reconsideration [95] or in the alternative requested that the Court stay judgment until the Mercer County Court ruled on its Order to Show Cause, where he is seeking evidence of the cashed checks the school district's insurance carrier used to pay for the interim bills. (Pl.'s Mot. for Recons., at 4-5). On December 8, 2011, the Court denied this Motion [106], holding that Mr. Owoh had failed to demonstrate any of the grounds for reconsideration, and that in any event, Mr. Owoh could not show irreparable harm by the denial of the stay as the Court has continuously noted that this information would not have been material to the Court's imposition of monetary sanctions. (*See* Op. & Order 4-7, Dec. 8, 2011; *see also* Op. 4, 6, Oct. 13, 2011; Op. & Order 5, Nov. 5, 2010; Op. & Order 8, Jan. 18, 2011).

Mr. Owoh now files a Motion for a Stay arguing that he is "compelled to make this motion at this time because:" (1) the Court did not grant his request to extend the time to file a reply[1] in connection with the earlier motion for a stay, where he would have informed the Court that he discovered—as a result of Open Public Records Act (OPRA) requests—that certain bills filed by Defense counsel were not paid by Defendants' insurance carrier; (2) if the Court had granted his request he would have informed the Court that there were relevant outstanding OPRA requests that were not barred by the statute of limitations;[2] and (3) that if the Middlesex County Superior Court OPRA litigation is not part of the record, it may not be considered as part of the record on appeal. (Pl.'s Mot. for Stay, at 3-4) [108]. Mr. Owoh additionally requests that the Court conduct a factual finding as to the amount of attorney's fees actually paid by the Defendants' insurance carrier in connection with this particular case. (*Id.* at 4).

### III.   DISCUSSION

Generally, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254–55 (1936). In order for a stay to be granted, the movant must demonstrate the likelihood of prevailing on the merits, that the movant will suffer irreparable harm if the stay is denied, that the other party will not be substantially harmed by the stay, and that the public interest will be served by granting the stay. *See Republic of Philippines v. Westinghouse Elec. Corp.,* 949 F.2d 653, 659 (3d Cir. 1991);

---

[1] As this Court noted in its December 8, 2011 Opinion & Order, reply papers are not generally permitted for a motion for reconsideration. (Op & Order 2 n. 1, Dec. 8, 2011); *see also* L. Civ. R. 7.1(i).

[2] The Court notes that even had Mr. Owoh made the following arguments in its reply brief, it would have disregarded them for the purposes of its review. It is axiomatic in federal practice that arguments raised for the first time in a reply brief should be disregarded. This is so because the local rules do not permit the filing of sur-reply briefs and thus the non-moving party has "no opportunity to respond to newly minted arguments contained in reply briefs." *See Bayer AG & Bayer Corp. v. Schein Pharm.,* 129 F. Supp. 2d 705, 716 (D.N.J. 2001), *aff'd* 301 F.3d 1306 (3d Cir. 2002); L.Civ.R. 7.1(d)(6). Incidentally, this Court notes that these are exactly the kind of procedural deficiencies that have been prevalent in Mr. Owoh's filings.

Fed R. Civ. P. 62. Because a stay is not a matter of right, but rather "'an exercise of judicial discretion,'" the applicant "bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 129 S. Ct. 1749, 1760–61 (2009).

Mr. Owoh's latest filing relates to yet another OPRA lawsuit for copies of cancelled checks in conjunction with the payments of 16 interim bills by the School District's insurance carrier. Although Mr. Owoh notes that these OPRA requests are not barred by the statute of limitations (Pl.'s Mot. For a Stay, at 4), Mr. Owoh still cannot satisfy "the likelihood of prevailing on the merits" prong of *Westinghouse* as he was provided the cancelled checks he seeks, in both printed and digital formats. (*See* Defs.' Opp'n, Ex. B ) [109]. The Court is not aware of any rule that would require Defendants to do more. *See* N.J.S.A. 47:1A-5.d. ("If the public agency does not maintain the record in the medium requested, the custodian shall either convert the record to the medium requested *or* provide a copy in some other meaningful medium.")

Even assuming *arguendo* that Plaintiff were to prevail in the OPRA proceeding, Mr. Owoh cannot show irreparable harm by the denial of the stay as this information would have been immaterial to this Court's imposition of monetary sanctions against him. As the Court has continuously noted, this Court awarded sanctions against Mr. Owoh to deter further frivolous litigation conduct by Plaintiff and Plaintiff's counsel, not to reward or even necessarily compensate Defense counsel. (*See* Op. & Order 5 n. 2 Dec. 8, 2011; Op. & Order 5, Nov. 5, 2010; Op. & Order 8, Jan. 18, 2011; Op. & Order 5, Oct. 13, 2011). Accordingly, Plaintiff's motion for a stay is denied.

Under Federal Rule of Civil Procedure 11(c), a court may at its discretion impose sanctions for any of the following: (1) pleadings or motions submitted for improper purposes

such as harassment; (2) claims unwarranted by existing law or by a nonfrivolous argument for extending the law; (3) lack of evidentiary support for factual contentions; and (4) factual contentions not warranted by evidence, belief, or lack of information. *Id.* 11(b)(1)–(4). In its November 5th Opinion, this Court granted Defendants' Motion for Sanctions because Plaintiff's Complaint repeated several allegations that had already been litigated in various previous state court proceedings. (Op. & Order 4, Nov. 5, 2010). The Court considered this conduct to be frivolous enough to warrant sanctions. The Court, however, limited sanctions to a portion of the attorney's fees requested by Defense counsel, in the amount of $4,500.00, later amended to include documented costs awarded by the United States Court of Appeals for the Third Circuit in its denial of Plaintiff's appeal. However, it is clear to the Court that Mr. Owoh's subsequent actions demonstrate that the amount of the previously awarded monetary sanctions is not sufficient to deter his misconduct. Rather than provide legitimate arguments as to why this amount was unnecessary or why a lesser sanction amount would be appropriate, he has engaged in a 14 month wild-goose chase, trying to undermine the authenticity of the receipts submitted by opposing counsel in support of the motion for sanctions.[3] Despite this Court's repeated admonitions, Mr. Owoh has continued to file pleading after pleading, recycling the same arguments this Court has previously rejected, and he has apparently also initiated numerous state proceedings, burdening other judicial fora with the necessity of responding to his frivolous contentions. The Court must therefore determine what amount is sufficient to deter counsel's conduct.

    Rule 11 expressly provides that sanctions are to be limited to "what suffices to deter

---

[3] To the extent Mr. Owoh could establish misconduct on the part of counsel for Defendants that would be grounds for the imposition of sanctions against Defense counsel. It would not negate this Court's finding that the knowing institution of claims so indistinguishable from those previously adjudicated on the merits constitutes frivolousness warranting sanctions.

repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4); *see also Prosser v. Prosser*, 186 F.3d 403, 406 (3rd. Cir. 1999) ("Sanctions ideally operate as instructional tools to deter parties and attorneys whose conduct has not met the requisite professional standards from continuing on their wayward course of conduct."). Even in the face of the initial sanctions order, Mr. Owoh's actions have expanded these legal proceedings beyond their proper scope, wasting Defendants' time as well as valuable judicial resources that could have been devoted to legitimate cases pending with the Court. As such the Court believes an additional sanction amount of $4,500 payable to this Court is appropriate and will order such relief.

## IV. CONCLUSION

For the above reasons, and for good cause shown,

IT IS on this 27th day of January, 2012,

ORDERED that Plaintiff's Motion for a Stay to Allow Middlesex County Court to Rule on its Pending OPRA Lawsuit and for Factual Finding on the Amount of Attorney Fees Paid by Defendants' Insurance Carrier in Connection with this Particular Case [docket # 108] is DENIED; and it is

ORDERED that Plaintiff remit an additional $4,500 to the United States District of New Jersey; and it is further

ORDERED that this case is CLOSED.

ANNE E. THOMPSON, U.S.D.J.