NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| O.R. (a student),<br><br>   Plaintiff,<br><br>v.<br><br>Gerri HUTNER, et al.,<br><br>   Defendants. | Civ. No. 10-1711<br><br>OPINION |

THOMPSON, U.S.D.J.

### I. INTRODUCTION

This matter has come before the Court upon the Motion to Set Aside Judgment filed by Plaintiff O.R., (Docket Entry No. 116), and Motion for Discovery. (Docket Entry No. 121). Defendants oppose the motions. (Docket Entry Nos. 119, 122, 124). The Court has decided the matter upon consideration of the parties' written submissions and without oral argument, pursuant to Fed. R. Civ. P. 78(b).

### II. BACKGROUND

The Court presumes that all parties are familiar with the underlying factual and procedural history of this action. In March 2004, Plaintiff, a minor, was found in possession of a knife at school. Plaintiff subsequently initiated several state court actions against the West Windsor Plainsboro School District ("School District") and its employees challenging his

1

suspension. He alleged that the School District treated him in a discriminatory manner in disciplining him for the knife possession.

On March 5, 2010, Plaintiff filed a Complaint in this Court that alleged that Defendants' conduct in the underlying litigation violated Plaintiff's constitutional right to access the courts. (Docket Entry No. 1). The Court dismissed the Complaint on June 23, 2010, (Docket Entry No. 17), and subsequently, re-opened the case to reflect that Plaintiff had served four additional defendants not originally named in the action. (Docket Entry No. 53). In the same order, the Court denied reconsideration of the Court's ruling on the motion to dismiss and dismissed the complaint as to the additional defendants. (*Id*.). Two subsequent motions to amend were each denied – the final time with prejudice. (Docket Entry No. 59, 69).

After imposing sanctions on Plaintiff's counsel, (Docket Entry No. 70), the Court denied Plaintiff's Motion for Reconsideration, (Docket Entry No. 80), Motion to Set Aside Judgment, (Docket Entry No. 94), Motion for Reconsideration or a Stay, (Docket Entry No. 106), and Motion to Stay and/or for Additional Factual Finding. (Docket Entry No. 111). Plaintiff now moves the Court again to set aside the judgment. (Docket Entry Nos. 116, 117).

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 60 provides that a court may relieve a party or its legal representative from a final judgment or order on grounds of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," or "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(2)-(3). "The general purpose of Rule 60, which provides relief from judgments for various reasons, is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must

be done." *Boughner v. Sec'y of Health, Educ., & Welfare*, 572 F.2d 976, 977 (2d Cir. 1978).  A motion for relief under Rule 60(b) is directed to the sound discretion of the court.  *Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1989).  Such motions are to be granted only in exceptional circumstances.  *Boughner*, 572 F.2d at 977.

## IV.   ANALYSIS

Plaintiff argues that the Court's judgment should be set aside because Defendants' counsel, Eric Harrison ("Mr. Harrison"), fraudulently created twelve discipline reports used to support a motion for summary judgment that was made in one of the lawsuits filed in state court. (Docket Entry No. 116, Attach. 1).  Although Plaintiff's reasoning is difficult to follow, he appears to reach the conclusion that the reports were fabricated by Mr. Harrison, because, according to Plaintiff, they were not printed from the school district's SASI computer system as Mr. Harrison represented.  (*Id.*).  Mr. Owoh bases this on the fact that Mr. Harrison stated that that a specific discipline report involving a scissors incident was not included in a set of GIF "screen shots" provided to him by Information and Technology Director Rick Cave ("Mr. Cave"), and Plaintiff has not been able to otherwise obtain that report.[1]

To reach the conclusion that Mr. Harrison fraudulently created the reports, however, the Court must ignore the more logical explanation put forth by Mr. Harrison.  According to him, he received screen shots of the discipline reports in paper form in 2006 from Vice Principal Donna Gibbs-Nini, who noted in handwriting on the discipline report involving the scissors incident that she was submitting the report to him even though it was categorized as an incident involving a

---

[1] The Court notes again the confusing manner in which Plaintiff makes his accusations of fraud.  The Court sought to have Mr. Owoh clarify his arguments in a telephone conference held on March 6, 2013 to little avail.  As such, the Court attempts to address Plaintiff's accusations as it understands them and ultimately concludes that Plaintiff has failed to meet his burden under Rule 60.

"threat" rather than "possession of weapon." (Docket Entry No. 119). These "screen shots" were used to support Defendants' motion for summary judgment in another matter. (*Id.*).

Later, in the course of OPRA litigation, Plaintiff sought production of discipline reports related to weapons possession or violence and demanded that such documentation be provided in "screen shot" form. (*Id.*). To comply with the request, Mr. Cave emailed 425 "screen shots" in GIF format that were created using data from the School District's SASI system. (*Id.*). These "screen shots" were then converted to PDF files to facilitate redaction of information pertaining to students' identities before they were turned over to Plaintiff. (*Id.*). As explained by Mr. Harrison, the discipline report pertaining to the scissors incident was simply not included among the 425 "screen shots" because it was categorized as a "threat" incident rather than a "possession of weapons" incident. (*See* Docket Entry No. 116, Attach. 3, Ex. 3).

In short, Plaintiff has not met his burden of showing that Mr. Harrison fraudulently created the student discipline reports and that Plaintiff is, therefore, entitled to the extraordinary relief afforded by Rule 60. Consequently, the case is closed and Plaintiff is also not entitled to the relief sought in Plaintiff's Motion for Discovery relating to "metadata" that was filed in conjunction with the Motion to Set Aside Judgment.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Set Aside Judgment and Motion for Discovery are denied. An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date: March 6, 2013