NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

O.R. (a student),

    Plaintiff,

v.

Gerri HUTNER, et al.,

    Defendants.

Civ. No. 10-1711

OPINION

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter has come before the Court upon the Motions for Reconsideration filed by Plaintiff O.R. (Docket Nos. 157, 159). The Court has decided these matters upon consideration of the parties' written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, Plaintiff's motions are denied with prejudice.

## II. BACKGROUND

In March 2004, Plaintiff, then a minor student, was suspended for possession of a knife at school. Plaintiff initiated several state court actions challenging the suspension and seeking production of school records. On March 5, 2010, Plaintiff filed a Complaint in this Court. (Docket No. 1). On June 23, 2010, the Court dismissed the Complaint. (Docket No. 17). Although the Court subsequently re-opened the case to reflect that Plaintiff had served additional defendants not originally named in the action, the Court denied reconsideration of the Court's

ruling on the motion to dismiss and dismissed the Complaint as to the additional defendants in the same Order. (Docket No. 53). Two subsequent motions to amend were each denied – the final time with prejudice. (Docket Nos. 59, 69).

Plaintiff then made several motions to re-open the case, including a Motion for Reconsideration, (Docket No. 71), Motion to Set Aside Judgment, (Docket No. 88), Motion for Reconsideration or a Stay, (Docket No. 95), and Motion to Stay and/or for Additional Factual Finding, (Docket Entry No. 108). Each motion was denied. (Docket Nos. 80, 94, 106, 111).

During this time, the Court also found it necessary to sanction Plaintiff's attorney, Rotimi Owoh ("Owoh"). The Court first sanctioned Owoh on November 4, 2010, at the prompting of Defendants, (Docket No. 70), and the Third Circuit upheld the sanctions award, (Docket No. 91). On January, 27, 2012, the Court imposed sanctions on Owoh once again, as he continued to make frivolous arguments. (Docket No. 111). On February, 8, 2013, however, the Third Circuit vacated this second sanctions award for failure to comply with the notice requirements of Rule 11. (Docket No. 115). As Plaintiff had yet to pay the initial sanctions award, the District Court then ordered Owoh to show cause why he should not be held in civil contempt. (Docket No. 128). Owoh contended that he should not be required to pay sanctions because, according to him, Defendants' counsel, Eric Harrison ("Harrison"), had engaged in fraud. (Docket No. 132). After reviewing Owoh's arguments, the Court held Owoh in civil contempt for failing to pay the initial sanctions award. (Docket No. 137).

On February 18, 2013, Plaintiff again moved to set aside the judgment in this case. (Docket Nos. 116, 117). Plaintiff's motion was premised on allegations that Harrison had engaged in fraud. (*Id.*). After conducting oral argument in an attempt to clarify Plaintiff's

arguments, (Docket No. 125), the Court denied Plaintiff's motion to set aside the judgment, (Docket No. 126).

Plaintiff moved for reconsideration on March 10, 2013, (Docket No. 129), and appealed the Court's decision to the Third Circuit on April 16, 2013, (Docket No. 138). On April 17, 2013, the Court issued an Order denying Plaintiff's motion for reconsideration. (Docket No. 141). The Court did not issue an accompanying opinion, concluding in the Order that Plaintiff had still not met his heavy burden under Federal Rule of Civil Procedure 60. (*Id.*).

The following day, Plaintiff filed a Motion for a Written Opinion. (Docket No. 141). The Court denied the motion, concluding that it lacked jurisdiction in light of Plaintiff's pending appeal to the Third Circuit. (Docket No. 142). Plaintiff then appealed that decision, (Docket No. 144), and filed renewed motions for factual findings, (Docket Nos. 143, 146), which the Court also denied, (Docket No. 147). On July 25, 2013, the Third Circuit granted Plaintiff's Motion to Hold Appeal in Abeyance and to Grant Jurisdiction to the District Court to Resolve Motions Pending Before the District Court. (Docket No. 148). In the Order, the Third Circuit directed the District Court to resolve Plaintiff's "motion [for factual findings] at docket entry no. 143." (*Id.*). In accordance with the Third Circuit's Order, the Court issued an opinion explaining its factual findings and legal reasoning. (Docket No. 152). Plaintiff then filed the Motions for Reconsideration that are the subject of this opinion. (Docket No. 157, 159).

III. DISCUSSION

A motion for reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), may be brought on three grounds: (1) an intervening change in controlling law, (2) evidence not previously available, or (3) to correct a clear error of law or prevent manifest injustice. *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Reconsideration is an

3

extraordinary remedy that is to be granted "very sparingly." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration is not a vehicle for raising new arguments that could have been raised before the original decision was made, *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001), nor is it an opportunity to ask a court to rethink what it has already thought through. *Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).

In his Motions for Reconsideration, Plaintiff asks the Court to address specific "points" related to the factual record, "hold this case in the District Court," or "compel Mr. Harrison to answer interrogatories." (Docket Nos. 157, 159). A motion for reconsideration cannot be brought on these grounds.

In its September 12th opinion, the Court explained its decision to deny Plaintiff's motion to set aside judgment pursuant to Federal Rule of Civil Procedure 60. (Docket No. 152). If Plaintiff is not satisfied, he may appeal the Court's decision to the Third Circuit.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motions for Reconsideration are denied. An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date: November 22, 2013